**SO ORDERED: August 16, 2006.**

_____
**Frank J. Otte**
**United States Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             SOUTHERN DISTRICT OF INDIANA
                 INDIANAPOLIS DIVISION
```
IN RE:

MARK PRATT                          ) CASE NO.05-18314-FJO-13
                                    )
      Debtor                        )

## ORDER

This matter came before the Court upon the filing of the Motions to Dismiss Case filed by Hometown Creditors and the Trustee. The Trustee's Motion to Dismiss assert that the Debtor is ineligible for Chapter 13 because he has debts in excess of those permitted by 11 U.S.C. section 109(e). Hometown asserts that the Debtor's case should be dismissed for failure to meet the eligibility requirements of 11 U.S.C. section 109(e) and because the Debtor proposed his plan in bad faith. The Debtor filed responses to the motions.

The Court held a hearing on this matter. The parties have filed numerous briefs. It is now ready for the Court's consideration.

Bankruptcy Code, 11 U.S.C. section 109(e) provides that a Chapter 13 petition can be filed only by an individual with regular income that owes, on the date of filing of the petition, non-contingent, liquidated, unsecured debts of less than $307,675 and non-contingent, liquidated secured debts of less than $922,975.

This Court agrees with the Trustee's and Hometown Creditor's assertion in their Motions that the Debtor's debt levels exceed those allowed by 11 U.S.C. Section 109(e).  A debtor can not characterize his or her debts in such a way to purposefully come under the threshold amounts prescribed by the Code.  Hometown Creditor's Motion  and pleadings raise some issues that this Court does not find necessary to address (specifically the matter of bad faith ) since it is granting the request to dismiss based on the Debtor's liabilities exceeding the amounts permitted by the Code. The Trustee's Motion only raises the issue of the amounts exceeding the limits set forth in 11 U.S.C. 109(e).  Therefore, this Court will grant the Trustee's Motion as filed  and  the Motion of Hometown will be moot as a result of the dismissal of this case.

Therefore, this Court GRANTS the Trustee's Motion to Dismiss and the Motion to Dismiss of Hometown is moot as a result of said ruling.

###

Case 05-18314-FJO-13    Doc 87    Filed 08/16/06    EOD 08/16/06 15:36:28    Pg 3 of 3